Copies mailed 6/16/21
Chambers of Judge Davison

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/16/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Jimenez,

                Plaintiff,                          20 Civ. 2083 (PED)

    -against-                                    **ORDER**

Commissioner of Social Security,

                Defendant.
------------------------------------------------------------x

**THE HONORABLE PAUL E. DAVISON, U.S.M.J.:**

       On April 22, 2021, the Supreme Court issued its decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021). The *Carr* Court held that applicants for Social Security disability benefits who had hearings conducted, and/or decisions issued, by an administrative law judge ("ALJ") whose appointment was not in accordance with the Appointments Clause of the U.S. Constitution were not required to administratively exhaust their Appointments Clause challenges during proceedings before the Social Security Administration before raising such challenges for the first time in federal court. Here, Plaintiff's ALJ hearing was conducted before the ALJ's appointment was ratified by the Acting Commissioner of Social Security on July 16, 2018. To date, Plaintiff has not raised an Appointments Clause challenge in this federal court proceeding.

       In light of the *Carr* decision, and to promote efficiency and judicial economy, the parties are directed to meet and confer regarding whether this case should be remanded to the Commissioner for a new hearing before a constitutionally appointed ALJ different from the ALJ who previously heard and adjudicated Plaintiff's claim for benefits. On or before July 16, 2021, Plaintiff must submit a letter setting forth whether or not Plaintiff believes this case should be remanded at this time. Plaintiff must submit a letter either requesting remand or notifying the

Court that Plaintiff does not request remand. If necessary, on or before July 23, 2021, Defendant may submit a letter of no more than five pages in response.

Should Plaintiff elect not to request a remand on the Appointments Clause issue at this stage, this may constitute a waiver of the Appointments Clause challenge in all further proceedings, including appeals. A decision not to request a remand will not prejudice the Plaintiff in any way before this Court, nor will it affect the timing of this Court's decision on the pending motions in this matter should the case remain in federal court.

Chambers staff will mail a copy of this order, along with a copy of the *Carr v. Saul* decision, to the *pro se* Plaintiff.

Dated: June 16, 2021
       White Plains, New York

SO ORDERED,

**Paul E. Davison, U.S.M.J.**